IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALEXANDRA C. CHRISTOPHER
and MICHAEL R. CLEMENS,

    Plaintiffs,

v.                                           Civil Action No. 5:16CV188
                                                                  (STAMP)
CHRISTOPHER J. MILLER and
HECKMANN WATER RESOURCES (CVR), INC.
d/b/a NUVERRA ENVIRONMENTAL SOLUTIONS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND,
DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION TO AMEND ANSWER AND
DENYING AS MOOT PLAINTIFFS' MOTION TO STAY**

I.   Background

The plaintiffs originally filed their complaint in the Circuit Court of Ohio County, West Virginia. ECF No. 1. Both plaintiffs, Alexandra C. Christopher ("Christopher") and Michael R. Clemens ("Clemens"), are citizens of West Virginia. One named defendant, Christopher J. Miller ("Miller"), is a citizen of Ohio. The other named defendant, Heckmann Water Resources (CVR), Inc., doing business as Nuverra Environmental Solutions ("Nuverra"), is a Texas corporation with its principal place of business in Arizona. According to the amended complaint, the defendants' negligence caused a motor vehicle accident that resulted in injuries to the plaintiffs.

The amended complaint is based on facts asserting that Miller negligently caused the vehicle he was operating to collide with the plaintiffs' vehicle, in which Christopher was the driver and Clemens was a passenger. The amended complaint asserts that Miller was acting within the course and scope of his employment with Nuverra, which the amended complaint asserts was also negligent in its supervision and instruction of Miller. As a result of the collision, the amended complaint alleges that the plaintiffs suffered various injuries, "some of which are reasonably certain to be permanent in nature."

The plaintiffs allege that Christopher suffered injuries to her head, neck, back, chest, left shoulder, left arm, and various other body parts. They allege that Clemens suffered injuries to his head, neck, back, right elbow, left wrist, knees, and various other body parts. The plaintiffs further allege that some of both plaintiffs' injuries are reasonably certain to be permanent. Additionally, both plaintiffs allege that they have incurred medical expenses, lost wages and diminished earning capacity, and various forms of pain and suffering. For relief, the plaintiffs seek compensatory and general damages in an amount within the jurisdiction of the state court and to be determined by the jury, pre- and post-judgment interest, attorneys' fees and costs, further specific or general relief as may become apparent as this matter progresses, and other relief as the Court deems proper.

The defendants removed this action to this Court on December 19, 2016. ECF No. 1. In the notice of removal, the defendants assert that the amount in controversy requirement is satisfied because the plaintiffs alleged in their complaint to have suffered permanent injuries, physical pain, mental and emotional anguish, annoyance, inconvenience, and diminishment in their ability to fully function and enjoy life. The notice of removal also notes that the plaintiffs have claimed lost wages and a diminishment in their earning capacity and ability to earn a living.

The plaintiffs timely filed this motion to remand. ECF No. 5. The plaintiffs argue that the defendants have failed to satisfy the amount in controversy requirement. The plaintiffs state that the defendants have failed to point to any evidence supporting their allegation that the plaintiffs' claims have a value exceeding $75,000.00 or to otherwise quantify the plaintiffs' claims. The plaintiffs further note that they did not allege any special damages in their complaint, and the defendants failed to offer any independent proof of special damages. The plaintiffs argue that allegations of general damages are not enough to satisfy the burden of proving federal jurisdiction. For those reasons, the plaintiffs believe the amount in controversy requirement remains unsatisfied and, therefore, seek to remand this civil action.

The defendants filed a response in opposition. ECF No. 7. The defendants argue that competent proof is not required to

satisfy the amount in controversy argument. Rather, the amount in controversy must be proven by only a preponderance of the evidence. The defendants next argue that, in their notice of removal, they cite to the plaintiffs' allegations of injuries and damages as proof of the jurisdictional amount. Although the plaintiffs have not alleged a sum certain, the defendants argue that the Court is permitted to look at the type and extent of the plaintiffs' injuries and the possible damages recoverable in its independent analysis of whether the amount in controversy is satisfied. The defendants state that the plaintiffs have stressed the permanency of their alleged injuries, the need for future treatment, and the likelihood of future medical bills and lost earning capacity. The defendants also point out that the plaintiffs control the requisite proof of the amount in controversy but have not included that proof in their amended complaint. Based on the allegations of the complaint, the defendants believe that the amount in controversy is satisfied.

In the alternative, the defendants request limited discovery on the subject of the amount in controversy, arguing again that the plaintiffs control the information necessary to prove the amount in controversy.

The plaintiffs filed a reply to the defendants' response in opposition. ECF No. 9. The plaintiffs again assert that the defendants have offered no proof of the value of the plaintiffs'

claims, and that the allegations from the plaintiffs' complaint are not proof. As to the defendants' request for jurisdictional discovery, the plaintiffs argue that discovery is not authorized after the amount in controversy has been contested.

The defendants have also filed a motion for leave to amend their answer and affirmative defenses to assert a counterclaim against Christopher. ECF No. 6. In response to that motion, the plaintiffs filed a motion to stay briefing of the defendants' motion for leave to amend until the Court first addresses the jurisdictional issues raised in the plaintiffs' motion to remand. ECF No. 8.

For the reasons set forth below, the plaintiffs' motion to remand (ECF No. 5) is GRANTED, the defendants' motion for leave to amend their answer and affirmative defenses (ECF No. 6) is DENIED WITHOUT PREJUDICE, and the plaintiffs' motion to stay briefing (ECF No. 8) is DENIED AS MOOT.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest

5

and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enf't Tech. Commercialization, Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W.

Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

This Court recognizes that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 555 (2014). Nonetheless, this Court has previously found that Dart does not require it to grant jurisdictional discovery and, thus, this Court has routinely exercised its discretion to deny such requests. See Antal v. State Farm Mut. Ins. Co., No. 5:15CV36, 2015 WL 2412358, at *3 (N.D. W. Va. May 20, 2015) (denying the plaintiff's request for jurisdictional discovery upon finding "that the language contained in . . . 28 U.S.C. § 1446(c)(3)(A) is related to discovery taken in the state court, not discovery that is taken in the federal court after removal"); O'Brien v. Falcon Drilling Co., No. 5:15CV13, 2015 WL 1588246, at *6 (N.D. W. Va. Apr. 9, 2015) (suggesting that discretionary jurisdictional discovery is appropriate only where "further evidence is revealed through discovery in the state court, a filing by the plaintiff, or some 'other paper'").

III. <u>Discussion</u>

The facts show that both plaintiffs are citizens of West Virginia. Miller is a citizen of Ohio, and Nuverra is a Texas corporation with its principal place of business in Arizona. Based on those facts, the parties are diverse. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1441.

Based on the record before this Court, the plaintiffs' motion to remand must be granted. The defendants fail to demonstrate that the amount in controversy requirement has been satisfied. In their response in opposition, the defendants rely on the plaintiffs' allegations about their serious and possibly permanent injuries. The defendants merely assert that the future medical bills and the plaintiffs' lost earning capacity will exceed the jurisdictional amount. The defendants fail to state any damages amount with any specificity.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. <u>See</u> <u>Lowrey</u>, 483 F.3d at 1213–15. At this time in the civil action, the amount of damages that may or will be recovered is completely unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. <u>See</u> <u>In re Blackwater Sec. Consulting, LLC</u>, 460 F.3d at 583. Therefore,

8

because the defendants only speculate as to the amount of damages, removal is improper. As stated earlier, removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. <u>Hartley</u>, 187 F.3d at 422; <u>Mulcahey</u>, 29 F.3d at 151. Here, doubts exist as to that jurisdiction.

This Court also denies the defendants' request to conduct jurisdictional discovery as to the amount in controversy. As stated earlier, this Court has previously declined to exercise its discretion to grant such requests in light of the fact that this discovery is more appropriate in state court. Further, nothing prevents the defendants from filing a second notice of removal should the case become removable within one year. <u>See</u> 28 U.S.C. § 1446(b)(3) (2012) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Accordingly, the plaintiffs' motion to remand is granted, and the case is remanded to the Circuit Court of Ohio County, West Virginia. Because this Court does not have jurisdiction over this matter, the defendants' motion for leave to file an amended answer and affirmative defenses is denied without prejudice.

Additionally, as the motion to remand has been granted, the plaintiffs' motion to stay briefing is denied as moot.

## IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to remand (ECF No. 5) is GRANTED. Accordingly, it is ORDERED that this civil action be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court. Additionally, the defendants' motion for leave to file an amended answer and affirmative defenses (ECF No. 6) is DENIED WITHOUT PREJUDICE and the plaintiffs' motion to stay briefing (ECF No. 8) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 2, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE